IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ERIC ROLAND BURKE,

                    Plaintiff,

                                        CIVIL ACTION
        vs.                             No. 09-3068-SAC

CORRECTIONS CORPORATION OF AMERICA, et al.,


                    Defendants.



<u>ORDER</u>

Plaintiff proceeds pro se on a civil complaint filed by an inmate confined in a detention facility operated by the Correction Corporation of America (CCA) in Leavenworth, Kansas (CCA-LVN). Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

SCREENING OF THE COMPLAINT, 28 U.S.C. § 1915A

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without

supporting factual averments are insufficient to state a claim upon which relief can be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). *See* <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1247 (10th Cir. 2008)(stating and applying <u>Twombly</u> standard for dismissing a complaint as stating no claim for relief).

Plaintiff states he has been confined in CCA-LVN in the custody of the United States Marshal Service since September 2006. In this action he seeks relief on allegations related to his reclassification by CCA-LVN staff in December 2008 from the general population to protective custody (PC) pursuant to the Prison Rape Elimination Act (PREA), 42 U.S.C. § 15601, et seq. Plaintiff claims his reclassification unlawfully restricts privileges he enjoyed while in general population, and claims his current classification impairs his personal safety because he is identified and labeled by other prisoners as a sexual predator.[1] Plaintiff

---

[1]Plaintiff's motion to amend the complaint is granted. Fed.R.Civ.P. 15(a)(1)(A). In the pro se amendment, which the court liberally construes as incorporating plaintiff's original complaint, plaintiff adds information and his belief that a prisoner in a federal penitentiary in Indiana was attacked and stabbed because that prisoner was identified as one being held in a PC/PREA pod.

Plaintiff's motion for appointment of counsel is denied without prejudice. Plaintiff has no right to the assistance of counsel in this civil action. <u>Durre v. Dempsey</u>, 869 F.2d 543, 647 (10th Cir. 1989). Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted. *See* <u>Long v. Shillinger</u>, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

further challenges the existence and/or validity of the death threats cited by CCA staff for classifying plaintiff as needing protective custody.   On these allegations plaintiff seeks declaratory and injunctive relief including his return to general population and better training of CCA staff about PREA.  Plaintiff also seeks damages.

The court liberally construes the form complaint submitted by plaintiff as plaintiff's attempt to proceed under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and 42 U.S.C. § 1983.  The defendants named in the complaint are CCA, the CCA-LVN Warden Shelton Richardson, CCA-LVN Assistant Warden Robert Mundt, CCA-LVN Chief of Unit Management Kenneth Daugherty, CCA-LVN Chief of Security Bruce Roberts, and CCA-LVN Unit Manager Roger Moore.  Having reviewed plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed for the following reasons.

*42 U.S.C. § 1983*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  In the present case, plaintiff appears to be in the custody of the USMS, and held in the CCA-LVN facility pursuant to a contract between the CCA and the USMS for confinement of federal prisoners.  Because there is nothing in the complaint to support a finding that any named defendant acted "under color of *state* law" rather than *federal* law, the court finds

plaintiff's claims for relief under 42 U.S.C. § 1983 should be dismissed.

*Bivens Cause of Action*

To establish a <u>Bivens</u> cause of action, a party must have some evidence to support a finding that a federal agent acting under color of such authority violated a cognizable constitutional right of the plaintiff. <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). In <u>Bivens</u>, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001). Reluctant to extend <u>Bivens</u> liability "to any new context or new category of defendants," <u>id</u>. at 68, the Supreme Court held that <u>Bivens</u> provides no implied private right of action for damages against private entities engaged in alleged constitutional violations while acting under color of federal law. <u>Id</u>. at 68-70. Accordingly, to the extent plaintiff seeks relief from CCA as the private entity contracting with the USMS for plaintiff's confinement at CCA-LVN, there is no recognized cause of action under <u>Bivens</u> against this defendant for the alleged violation of plaintiff's constitutional rights.[2] *See* <u>id</u>. at 81-82 (J. Stevens dissent)("Under 42 U.S.C. § 1983, a state prisoner may sue a private prison for deprivation of constitutional rights, yet the Court denies such a remedy to that prisoner's federal

---

[2]Because plaintiff's complaint is not clear, to any extent plaintiff instead names CCA-LVN as a defendant rather than CCA, no claim for relief is stated because the facility itself is not a proper defendant.

counterpart.")(citation omitted).

Plaintiff's attempt to seek relief from individual CCA-LVN defendants fares little better, because the Tenth Circuit Court of Appeals has held that "under <u>Malesko</u>, federal prisoners have no implied right of action for damages against an employee of a privately operated prison under contract with the United States Marshals Service when state or federal law affords the prisoner an alternative cause of action for damages for the alleged injury." <u>Peoples v. CCA Detention Centers</u>, 422 F.3d 1090, 1108 (10th Cir. 2005).   Thus, while <u>Malesko</u> did not address or decide whether a plaintiff could bring a <u>Bivens</u> action against CCA employees in their individual capacity for alleged constitutional violations, courts are not allowing <u>Bivens</u> actions against such employees if the plaintiff has an alternative cause of action for damages under state or federal law, such as negligence and medical malpractice. See <u>Peoples v. CCA Detention Centers</u>, 422 F.3d 1090, 1096-1103 (10th Cir. 2005); <u>Lindsey v. Bowlin</u>, 557 F.Supp.2d 1225 (D.Kan. 2008). Because plaintiff alleges no facts tending to establish the named CCA-LVN defendants acted as federal agents, or that state law provides no remedy, the court finds plaintiff's claims against these defendants are subject to being summarily dismissed.[3]   *See also*

---

[3]While <u>Bivens</u> provides a cause of action for damages, the Tenth Circuit has clarified that injunctive relief may be available against federal officials in their official capacities, pursuant to the federal court's equity jurisdiction to protect a prisoner's Eight Amendment right to not be subjected to cruel and unusual punishment.   <u>Simmat v. United States Bureau of Prisons</u>, 413 F.3d 1225, 12230-32 (10th Cir. 2005). As plaintiff's allegations fail to suggest that any named CCA-LVN defendant acted as a federal agent in

Malesko, 534 U.S. at 69(citing Schweiker v. Chilicky, 487 U.S. 412,
425 (1988), as "reject[ing] the claim that Bivens remedy should be
implied simply for want of any other means for challenging a
constitutional deprivation in federal court.").

NOTICE AND SHOW CAUSE ORDER TO PLAINTIFF

For the reasons stated herein, the court directs plaintiff to
show cause why the complaint should not be summarily dismissed as
stating no claim for relief upon which plaintiff can proceed in this
matter under federal law.[4]   See 28 U.S.C. § 1915(e)(2)(B)(ii)

_____

any capacity, no cognizable federal claim for equitable relief
arises in this matter.

Moreover, even if a Bivens action could be maintained,
plaintiff's allegations of error in his custodial classification
would be subject to summary dismissal because a change in a
prisoner's classification generally does not implicate a protected
liberty interest. See Meachum v. Fano, 427 U.S. 215, 225 (1976)(Due
Process Clause does not bar inmate's transfer to another prison with
more restrictive conditions of confinement). See also Seigert v.
Gilley, 500 U.S. 226 (1991)(to support a Bivens claim, alleged
conduct must rise to level of constitutional violation). Likewise,
plaintiff's broad concerns regarding possible attacks by other
prisoners because plaintiff can be identified as living in a
protective custody PREA unit are speculative at best, and would be
subject to being summarily dismissed because plaintiff's allegations
are insufficient to establish a factual basis for finding any
defendant was deliberately indifferent to plaintiff's personal
safety. See Verdecia v. Adams, 327 F.3d 1171, 1175 (10th Cir.
2003)(stating test for deliberate indifference necessary to
implicate Eighth Amendment).

[4]Plaintiff is advised that dismissal of the complaint under 28
U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C.
1915(g), a "3-strike" provision which prevents a prisoner from
proceeding in forma pauperis in bringing a civil action or appeal if
"on 3 or more prior occasions, while incarcerated or detained in any
facility, [the prisoner] brought an action or appeal in a court of
the United States that was dismissed on the grounds that it is
frivolous, malicious, or fails to state a claim upon which relief
may be granted, unless the prisoner is under imminent danger of

("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remaining $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion to amend (Doc. 5) the complaint is granted, and that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint as amended should not be summarily dismissed as stating no claim upon which plaintiff may proceed against defendants in federal court.

**IT IS SO ORDERED.**

DATED:  This 10th day of June 2009 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

_____

serious physical injury."

7