IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC ROLAND BURKE,

                Plaintiff,

                              CIVIL ACTION
    vs.                                     No. 09-3068-SAC

CORRECTIONS CORPORATION OF AMERICA, et al.,

                Defendants.

## ORDER

Plaintiff proceeds pro se and in forma pauperis on a civil complaint filed while he was confined in a detention facility operated by the Correction Corporation of America (CCA) in Leavenworth, Kansas (CCA-LVN).

In the complaint as first amended, plaintiff complains of his reassignment in December 2009 from general population to placement in "M Pod" for housing prisoners pursuant to Prison Rape Elimination Act (PREA), 42 U.S.C. § 15601, et seq., or for protective custody (PC). Plaintiff claims his placement in PREA/PC is unfounded and unlawfully restricts privileges that were available to him in general population. Plaintiff also contends his assignment to PREA/PC impairs his personal safety because he is identified and labeled by other prisoners as a sexual predator, but in supplemental filings states he has encountered no threats or problems regarding his personal safety when he is with general population prisoners during court appearances and transports to and from the CCA

facility.[1] Plaintiff further challenges the existence of the death threats cited by CCA staff for classifying plaintiff as needing protective custody, and contends CCA staff is misinterpreting and misapplying PREA.

The defendants named in the complaint are CCA, CCA-LVN Warden Shelton Richardson, CCA-LVN Assistant Warden Robert Mundt, CCA-LVN Chief of Unit Management Kenneth Daugherty, CCA-LVN Chief of Security Bruce Roberts, and CCA-LVN Unit Manager Roger Moore. Plaintiff seeks declaratory and injunctive relief including his return to general population and better training of CCA staff about PREA.

Construed as attempts to proceed under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, the court directed plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim upon which relief could be granted. The court found plaintiff could not proceed on his claims under <u>Bivens</u> because <u>Malesko</u> barred plaintiff from proceeding against CCA, and because the Tenth Circuit in <u>Peoples v. CCA Detention Centers</u>, 422 F.3d 1090, 1108 (10th Cir. 2005), held there is no cause of action under <u>Bivens</u> against individual CCA defendants if alternative remedies are available to the plaintiff in the state courts. The court further found plaintiff could not proceed under 42 U.S.C. § 1983 because no defendant acted under color of state law for purposes of stating a

---

[1] Plaintiff's motions to further amend his complaint to provide additional and more recent information about the conditions of his PREA/PC classification are granted and treated as a supplement to the complaint as previously amended.

cognizable claim under that statute.

In response, plaintiff essentially argues the federal courts should be available to remedy constitutional wrongs by a private entity and its employees while providing contracted governmental services, an argument advanced by the *dissent* in Malesko. Plaintiff also cites decisions in other circuits that more broadly allow claims against individual defendants of such private entities. As to § 1983, plaintiff relies on cases involving prisoners confined pursuant to *state* rather than *federal* authority, in which private entities were found to be acting under color of state law for the purpose of § 1983.

*Plaintiff's Transfer from CCA-LVN*

Plaintiff was sentenced on January 27, 2010, in his pending criminal action in the District of Kansas, and has notified the court of his transfer from the CCA-LVN facility to a Bureau of Prisons (BOP) facility. The court finds this action is subject to being dismissed without prejudice because the relief plaintiff seeks is now moot. *See* Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions). *See also*, Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

*No Claim for Relief under Bivens or 42 U.S.C. § 1983*

Even if the complaint is not moot, the court continues to find dismissal of this action would be warranted because plaintiff's allegations state no claim for relief under Bivens or 42 U.S.C. § 1983, as plaintiff's attempts to avoid the majority's holding in

3

Malesko, and the controlling law in this district as set forth in Peoples, are without merit.

Moreover, plaintiff's disagreement with his protective custody classification, and dissatisfaction with the restraints imposed on his privileges due to that classification, generally implicate no liberty interest protected by the Due Process Clause. *See* Meachum v. Fano, 427 U.S. 215, 225 (1976). Instead, routine classification decisions for security concerns fall within the broad discretion afforded prison officials in their day-to-day management of detention and correctional facilities. Hewitt v. Helms, 459 U.S. 460 (1983); Hutto v. Finney, 437 U.S. 678, *rehearing denied*, 439 U.S. 122 (1976). Such deference is appropriate because the managerial task facing prison officials is "at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974).

Plaintiff's fear that his PREA/PC classification at CCA-LVN might pose a "possible risk" to his personal safety once in BOP custody is speculative at best, and his mere complaint that he is not allowed the same access to religious services while in protective custody as he enjoyed in general population is insufficient to state an actionable First Amendment claim. Also, notwithstanding plaintiff's statements that he was assigned to the PREA/PC pod for protective custody reasons, his reliance on alleged violations of PREA is misplaced as courts have held that PREA "does not create a right of action that is privately enforceable by an individual civil litigant." Moorman v. Herrington, 2009 WL 2020669 (W.D.Ky. 2009)(unpublished opinion)(citing cases from other

4

jurisdictions).[2]  Accordingly, even if the complaint is not dismissed as moot, it would be dismissed as stating no claim upon which plaintiff can seek relief under federal law, for the reasons stated herein and in the show cause order dated June 10, 2009.

IT IS THEREFORE ORDERED that plaintiff's motion for the court to order the preparation of a <u>Martinez</u> report (Doc. 10), and for reconsideration of the court's order denying appointment of counsel (Doc. 10), are denied.

IT IS FURTHER ORDERED that plaintiff's motion "for leave to amend the complaint as necessary" (Doc. 10), and motions for leave to amend the complaint to provide more recent information (Docs. 11 and 12), are granted and are liberally construed as supplementing the complaint as previously amended.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the amended and supplemented complaint should not be summarily dismissed without prejudice because plaintiff's transfer from the CCA Leavenworth facility has rendered plaintiff's claims moot.

**IT IS SO ORDERED.**

DATED:  This 10th day of March 2010 at Topeka, Kansas.

                                s/ Sam A. Crow
                                SAM A. CROW
                                U.S. Senior District Judge

---

[2]A copy of that decision is attached.