IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ERIC ROLAND BURKE,**

                                Plaintiff,

                                                     CIVIL ACTION
      vs.                                          No. 09-3068-SAC

**CORRECTIONS CORPORATION OF AMERICA, et al.,**

                                Defendants.

<u>ORDER</u>

Plaintiff proceeds pro se and in forma pauperis on a civil complaint filed while he was confined as a federal detainee in a facility operated by the Correction Corporation of America (CCA) in Leavenworth, Kansas (CCA-LVN). The defendants named in the complaint are CCA, CCA-LVN Warden Shelton Richardson, CCA-LVN Assistant Warden Robert Mundt, CCA-LVN Chief of Unit Management Kenneth Daugherty, CCA-LVN Chief of Security Bruce Roberts, and CCA-LVN Unit Manager Roger Moore.

Plaintiff complains of his reassignment from general population to placement in the pod for housing prisoners pursuant to Prison Rape Elimination Act (PREA), 42 U.S.C. § 15601, et seq., or for protective custody (PC). Plaintiff claims his placement in PREA/PC is unfounded and unlawfully restricts privileges that were available to him in general population, and contends his assignment to PREA/PC impairs his personal safety because he is identified and labeled by other prisoners as a sexual predator. Plaintiff further challenges the existence of the death threats cited by CCA-LVN staff for classifying plaintiff as needing protective custody, and contends

CCA staff is misinterpreting and misapplying PREA.

The court construed this action as an attempt to seek declaratory and injunctive relief[1] under *Bivens*[2] and 42 U.S.C. § 1983, and directed plaintiff to show cause why the amended and supplemented complaint should not be summarily dismissed without prejudice as moot given plaintiff's conviction and transfer to a Bureau of Prisons facility.

And even if not moot, the court noted the amended and supplemented complaint was subject to summary dismissal because *Malesko*[3] and *Peoples*[4] barred plaintiff's attempt to seek relief under *Bivens*, because no defendant acted under color of state law for purposes of stating a cognizable claim under 42 U.S.C. § 1983, because no claim of constitutional significance is generally stated by a prisoner's disagreement with classification decisions, and because plaintiff has no personal cause of action based on defendants' alleged violations of PREA.

Having reviewed plaintiff's response, the court concludes for the reasons stated herein and in the show cause order entered March 10, 2010, that the amended and supplemented complaint should be dismissed as moot. Plaintiff's appeal from his federal conviction

---

[1] See plaintiff's first amendment of the complaint pursuant to Fed.R.Civ.P. 15(a)(1) (Doc. 5).

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[3] *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001).

[4] *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1108 (10th Cir.2005). *See also Minneci v. Pollard*, __ S.Ct. __, 2012 WL 43511 (January 10, 2012)(refusing to extend *Bivens* to remedy a federal prisoner's claim for damages from privately employed personnel working at a privately operated detention facility).

is now final, and plaintiff's broad reference to the possibility of returning to this or another CCA facility is insufficient to avoid dismissal of this action.  *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir.2010)(prisoner's transfer from one prison to another moots claims for declaratory or injunctive relief against officials at the prior prison).

IT IS THEREFORE ORDERED that the amended and supplemented complaint is dismissed without prejudice as moot.

**IT IS SO ORDERED.**

DATED:  This 17th day of January 2012 at Topeka, Kansas.

        s/ Sam A. Crow
        SAM A. CROW
        U.S. Senior District Judge